IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT LEE ALLEN | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-928-MHT |
| | | (WO) |
| LOWNDES COUNTY SHERIFF'S DEPARTMENT, *et al.*, | * | |
| | * | |
| Defendants. | | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Autauga Metro Jail, asserts a challenge to the validity of criminal charges lodged against him by a state court and complains that Defendants conspired to subject him to a false and/or illegal arrest. Named as defendants are the Lowndes County Sheriff's Department, Captain Laura Gresham, Deputy O.J. Strother, Sgt. L. Brutton, and Ruby Jones, Circuit Clerk for Lowndes County, Alabama. Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims against the defendants prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Claims Against the Lowndes County Sheriff's Department*

A county sheriff's department is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against the Lowndes County Sheriff's Department are due to be dismissed. *Id.*

*B. The Conspiracy Claim*

Plaintiff makes the specious allegation that the Lowndes County Sheriff's Department conspired with Autauga County law enforcement officials to subject him to a false arrest based on false statements, forged signatures, and/or false charges. Vague and conclusory allegations of conspiracy will not support a § 1983 claim. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Other than his self serving allegations, Plaintiff presents nothing to this court which indicates that Defendants entered into a conspiracy to bring false charges against him or subject him to a false arrest. The court, therefore, concludes that Plaintiff's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983. *Fullman*, 739 F.2d at 556-557.

*C. The Circuit Clerk*

Plaintiff names Ruby Jones, the Circuit Clerk for Lowndes County, Alabama, as a defendant. He alleges that she sent him a copy of his consolidated appearance bond which he contends someone in the Clerk's Office amended without proper authorization.

When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Additionally, where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). Further, the fact that Defendant Jones holds the titular position of the Clerk of the Circuit Court for Lowndes County is also, by itself, insufficient to establish liability as the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. Supervisors cannot be held liable for the errors of their subordinates or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). In light of the foregoing, the court concludes that Plaintiff's claims against the Circuit Clerk for Lowndes County are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). These claims are, therefore, due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

*D. The Pending Criminal Charges*

Plaintiff states that on February 7, 2007, while still incarcerated at the Lowndes County Jail, he heard his name called over the jail's intercom system. The voice on the intercom instructed Plaintiff to pack his belongings and report to the booking area. Deputy

Strother escorted Plaintiff to the booking area where Sgt. Brutton told him to sign his name on a consolidated appearance bond after which he would be released to go home until his court date. Plaintiff affixed his signature to the document as requested. Rather than being released, however, Plaintiff maintains that he was handcuffed by Deputy Strother and transported to a gas station in Montgomery County, Alabama. It was there that a deputy from the Autauga County Sheriff's Department executed five arrest warrants on Plaintiff. The warrants, Plaintiff complains, were based on false statements, false signatures, and/or false charges, and were not endorsed by a judge or magistrate of Montgomery County nor where any Montgomery Police Officers present. To the extent Plaintiff seeks to challenge the validity of criminal charges currently pending before the state courts, they are not currently appropriate for consideration by this court.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover,

Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Plaintiff must endure criminal prosecution in state court fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement with regard to those state criminal charges currently pending against him.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendants Lowndes County Sheriff's Department and Ruby Jones, and his conspiracy claim be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii);

2. The Lowndes County Sheriff's Department and Ruby Jones be DISMISSED as defendants to this cause of action.

3. To the extent Plaintiff presents claims challenging criminal charges pending against him before the state courts, these claims be DISMISSED without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. This case, with respect to Plaintiff's claim alleging a false and/or illegal arrest, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before November 5, 2007.** Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 22nd day of October 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE