**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ROBERT LEE ALLEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    Civil Action No.  2:07-cv-009028-MHT-WC |
| | ) |
| **LOWNDES COUNTY SHERIFF'S** | ) |
| **DEPARTMENT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' SPECIAL REPORT

COME NOW Captain Laura Gresham, Administrator of the Lowndes County Jail, and Sergeant Lorrain Brutton, Corrections Officer at the Lowndes County Jail, Defendants in the above-styled cause, and submit their Special Report to the Court.

### INTRODUCTION

On October 17, 2007, the Plaintiff filed his Complaint with this Court, naming the Lowndes County Sheriff's Department, Captain Laura Gresham, Lowndes County Jail Administrator, O.J. Strother, a purported Lowndes County Deputy Sheriff, Sergeant Lorraine Brutton, Corrections Officer at the Lowndes County Jail, and Ruby Jones, Lowndes Circuit Clerk.  (Doc. 1.)  On October 22, 2007, the Plaintiff filed a Motion to Amend his Complaint, which the Court granted the same day.  (Docs. 2, 3.)  On October 22, 2007, the Court Ordered a Special Report be filed on behalf of these Defendants.  (Doc. 4.)  On December 7, 2007, the Court granted the Defendants' Motion for Extension of Time and Ordered that they file their Special Report by December 31, 2007.  (Docs. 16, 17.)

In its October 22, 2007 Report and Recommendations, the Magistrate Judge narrowed the Plaintiff's Amended Complaint to claims against only Defendants Gresham, Strother,[1] and Brutton.  (Doc. 5, pp. 2, 5.)  The Magistrate Judge also recommended that any conspiracy claims alleged in the Amended Complaint be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983.  (Doc. 5, pp. 2, 5.)  The Plaintiff did not file an objection to this Report and Recommendation.  The remaining claim against the remaining Defendants was a "claim alleging false and/or illegal arrest."  (Doc. 5, p. 5.)

## PLAINTIFF'S ALLEGATIONS

The Plaintiff's Amended Complaint appears to allege a claim for deliberate indifference against these Defendants.  The Plaintiff does not allege any actions on the part of Sergeant Brutton, and the only action the Plaintiff alleges on behalf of Captain Gresham is that she signed his consolidated appearance bond.  (Doc. 1, Exhibit 1, p. 2.)  Although the Plaintiff alleges that his bond listed the wrong offense, receipt of stolen property in the first degree instead of theft of property in the first degree,[2] it is entirely unclear what constitutional right the Plaintiff alleges these Defendants violated.

The Plaintiff invokes 42 U.S.C. § 14141, but there is no private cause of action under that section.  Greer v. Hillsborough County Sheriff's Dept., ___ F. A'ppx. ___ [Ms. 8:04-CV2034T23MSS, Sept. 30, 2005] [2005 WL 2416031], *2-3 (M.D. Fla. 2005) ("The Violent Crime Control and Law Enforcement Act grants authority to only the Department of Justice to initiate a civil action against a law enforcement agency.  42 U.S.C. § 14141 ….  Accordingly, no

---

[1] On November 27, 2007, the Plaintiff filed a Motion to Dismiss O.J. Strother as a Defendant, which the Court granted on November 28, 2007.  (Docs. 12, 13.)

[2] Even if this mistake could be construed as something other than a clerical error, it would not amount to any constitutional infraction.  Receipt of stolen property in the first degree and theft of property in the first degree are both Class B Felony charges under Alabama law.  See §§ 13A-8-7(b), 13A-8-3(d) Ala. Code 1975.  Further, the Plaintiff was released on a signature bond, not a bail bond, so he did not suffer any tangible harm from this clerical error.

private right of action exists under 42 U.S.C. § 14141, and Mr. Greer fails to state a claim for relief.  See e.g. Batchelor v. Village of Evergreen Park, [No. 03 C 5337] [2004 WL 756193], *1 (N.D. Ill. 2004); Inkel v. Bush, [No. 3:04CV69 (JBA)] [2004 WL 2381747], *3 (D. Conn. 2004)").  Likewise, the Plaintiff's reference in his Amended Complaint to 42 U.S.C. 2000d does not support any claim, because that section prohibits discrimination in any activity or program receiving Federal financial assistance and the Lowndes County Jail would not fall under the purview of that statute.  At most, the Plaintiff has potentially alleged the federal claim for fraudulent/illegal arrest that this Court has recognized in its Report and Recommendations.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

The Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact.  The Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive Plaintiff of any right to which he was entitled.  The Defendants raise the defenses of Eleventh Amendment immunity, absolute immunity, qualified immunity, the Prison Litigation Reform Act ("PLRA"), and additional defenses presented below. The Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

## I.    FACTS

### A.    Incarceration at the Lowndes County Jail

The Plaintiff was incarcerated in the Lowndes County Jail on October 12, 2006, on a charge theft of property in the first degree.  (Exhibit A, Inmate Records of Robert Lee Allen, "Inmate Records," Uniform Arrest Report.)[3]  Pursuant to an Order for Inmate Return issued by the Autauga County District Court, the Plaintiff was released from the Lowndes County Jail to

---

[3] The remainder of the Plaintiff's inmate file has been submitted as Exhibit B.  Accordingly, the Plaintiff's entire inmate file is before this Court for review.

the custody of the Autauga County Sheriff's Office due to the fact that a "hold" had been placed upon him by the District Court of Autauga County, Alabama due to criminal charges brought against him there. (Exhibit C, 9/21/06 Order for Inmate Return; see also, Exhibit D, Alabama Uniform Arrest Report noting Release.) On October 12, 2006, the charges against the Plaintiff in Autauga County were dismissed, and he was returned to the Lowndes County Jail. (Exhibit E, 10/12/06 Order of Release From Jail.)

### B.    Transfer to the Autauga County Jail

On February 2, 2007, the Autauga County Sheriff's Office issued a teletype to the Lowndes County Jail requesting that a "detainer" be placed on the Plaintiff because Autauga County held warrants on him, and the Autauga County Sheriff's Office requested to pick up the Plaintiff when he was released. (Exhibit F, 2/2/07 Teletype from Autauga County Sheriff's Office to Lowndes County Jail; Exhibit G, Affidavit of Laura Gresham, "Gresham Aff.," ¶ 5.) That same day, Sheriff Vaughner authorized Captain Gresham to allow the Plaintiff to sign a signature bond that would release him into the custody of the Autauga County Sheriff's Office. (Gresham Aff., ¶ 6.) After the Plaintiff was brought to the Booking Room, Sergeant Brutton handed him a Consolidated Appearance Bond that had already been signed by Sheriff Vaughner and Captain Gresham. (Gresham Aff., ¶ 7; Exhibit H, Affidavit of Lorraine Brutton, "Brutton Aff.," ¶ 4.) The Plaintiff voluntarily signed the Consolidated Appearance Bond, and he was released into the custody of a Lowndes County Deputy Sheriff.[4] (Exhibit I, Consolidated Appearance Bond, 2/2/07; Gresham Aff., ¶ 8; Brutton Aff., ¶ 5.) Due to a clerical error, the Consolidated Appearance Bond incorrectly denoted the charge for which the Plaintiff was released as receipt of stolen property in the first degree, instead of theft of property in the first

---

[4] The identity of the Lowndes County Deputy Sheriff who transported the Plaintiff into the custody of the Autauga County Sheriff's Office is unknown to these Defendants. (Gresham Aff., ¶ 9; Brutton Aff., ¶ 6.)

degree.  (Consolidated Appearance Bond, 2/2/07; Gresham Aff., ¶ 8.)  Once the Plaintiff was released into the custody of the deputy sheriff to be transferred, these Defendants had no further interaction with him.  (Gresham Aff., ¶ 12; Brutton Aff., ¶ 7.)  The Plaintiff is no longer housed in the Lowndes County Jail.  (Gresham Aff., ¶ 12.)

> C.    **The Lowndes County Jail grievance policy**

It is the policy of the Lowndes County Jail that all inmates are permitted to submit grievances to the jail administration and that each grievance will receive a response.  (Gresham Aff. ¶ 9.)  Inmate grievance forms are made available to inmates upon request, and upon completion, they are delivered to the Jail staff, who will provide a response or forward the grievance to the Jail Administrator, who will issue a response.  (Gresham Aff. ¶ 11.)  Copies of all grievances are placed in the inmate's file.  (Gresham Aff., ¶ 11.)  The Plaintiff has not filed a grievance, in accordance with the Lowndes County Jail grievance policy, regarding any of the allegations made in his Amended Complaint.  (Gresham Aff., ¶ 11.)

## II.    LAW

> A.    **The Plaintiff's claims are barred because he has failed to comply with the provisions mandated by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA").**

>> 1.    **The Plaintiff has failed to exhaust all available administrative remedies.**

The Court's adherence to mandates of the PLRA is essential to ensure that the "flood" of frivolous claims for constitutional violations does not burden and hinder the Court's consideration of legitimate claims presented by pro se litigants.  See Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) ("In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ('PLRA').").  As the Supreme Court recently recognized in Jones v. Bock:

Prisoner litigation continues to "account for an outsized share of filings" in federal district courts. Woodford v. Ngo, 548 U.S. ----, ----, n.4, 126 S. Ct. 2378 (2006) (slip op., at 12, n.4). In 2005, nearly 10 percent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations.[footnote omitted] Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit. See Neitzke v. Williams, 490 U.S. 319, 327 [] (1989).

Congress addressed that challenge in the PLRA. What this country needs, Congress decided, is fewer and better prisoner suits. See Porter v. Nussle, 534 U.S. 516, 524, [] (2002) (PLRA intended to "reduce the quantity and improve the quality of prisoner suits"). To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. ***Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit.***

127 S. Ct. at 914 (emphasis added). Uniform adherence to all the provisions of the PLRA, especially the grievance exhaustion requirement, is mandatory for inmate litigants and the courts to ensure that the federal judicial system can effectively "separate the wheat from the chaff" with regard to claims asserted by inmate litigants.

The first section of the PLRA provides:

***No action shall be brought*** with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted.***

42 U.S.C. § 1997e(a) (emphasis added). Under this provision of the PLRA, an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983, and the Court is precluded from granting relief to any plaintiff who has not exhausted ***all*** his administrative remedies. In Woodford v. Ngo, ___ U.S. ___; 126 S. Ct. 2378, 2382 (2006), the Supreme Court held, "Exhaustion is no longer left to the discretion of the district court, but is ***mandatory***." See also Booth v. Churner, 532 U.S. 731, 739 (2001) ("Prisoners must now

exhaust all 'available' remedies, not just those that meet federal standards."). However, as the Supreme Court recognized in <u>Jones v. Bock</u>, each prison sets its own parameters for what constitutes compliance with its grievance policy:

> In <u>Woodford</u>, we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," 548 U.S., at ___, 126 S. Ct. 2378 [] – rules that are defined not by the PLRA, but by the prison grievance process itself…. The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

127 S. Ct. at 922-23.

Here, the Plaintiff has not filed any grievance regarding any of the allegations in his Complaint. The Plaintiff has not complied with the provisions of the Lowndes County Jail grievance policy, so he cannot be deemed to have exhausted all available administrative remedies provided by the Lowndes County Jail grievance policy, as is required by § 1997e(a) of the PLRA. Therefore, any claims alleged in his Amended Complaint must be dismissed.

>           2.      **Plaintiff's claims are barred by the PLRA because he has not suffered any physical injury as a result of the allegations in his Complaint.**

Regarding claims by inmates for mental or emotional damages, the Eleventh Circuit has held: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . . In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309 (11th Cir. 2002). The Plaintiff requests in his Amended Complaint "Mental [and] Anguish Damages." (Doc. 1, p. 3.) However, the Plaintiff has made no showing of any physical injury whatsoever,

much less a showing of a physical injury that is greater than *de minimis*. As a result, his Amended Complaint is due to be dismissed under the provisions of § 1997e(e) of the PLRA.

     **B.**    **All claims against these Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C. § 1983.**

The Plaintiff's claims against these Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction; as such claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a ***person***, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Any claims against the Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983 and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted. Id.; Carr, 916 F.2d at 1525 n.3.

**C.    Alternatively, these Defendants are entitled to be dismissed based on absolute and qualified immunity.**

The Plaintiff's claims are barred on two additional immunity grounds.  First, these Defendants are absolutely immune to the Plaintiff's state law claim under Article I, § 14 of the Alabama Constitution of 1901 in both their official and individual capacities.  Second, in their individual capacities, these Defendants are entitled to qualified immunity to Plaintiff's federal claims.

**1.    These Defendants are entitled to absolute immunity from any state law claims the Plaintiff may have asserted in his Complaint.**

To the extent that this Court construes the Plaintiff's Complaint as alleging a state law claim for fraudulent/illegal arrest, these Defendants are absolutely immune to Plaintiff's state-law claims for money damages under Article I, § 14 of the Alabama Constitution of 1901. Article I, § 14 of the Alabama Constitution of 1901 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."  This section grants the State and its agencies "absolute" immunity from suit in any court.  Ex parte Mobile County Dep't of Human Res., 815 So. 2d 527, 530 (Ala. 2001).  Section 14 immunity bars "almost every conceivable type of suit."  Hutchinson v. Bd. of Trustees of Univ. of Ala., 256 So. 2d 281, 283 (Ala. 1971).  Section 14 immunity is "nearly impregnable."  Patterson v. Gladwin Corp., 835 So. 2d 137, 142 (Ala. 2002).

Under the Alabama Constitution of 1901, sheriffs are executive officers of the State of Alabama.  See Alabama Constitution of 1901, art. V, § 112; Oliver v. Townsend, 534 So. 2d 1038, 1044 (Ala. 1988); Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991); see also McMillian v. Monroe County, 117 S. Ct. 1734 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties).  A sheriff's employees are legally an extension of the sheriff and are likewise considered officers of the State of Alabama.  See Ex

parte Sumter County, 953 So. 2d 1235 1239-40 (Ala. 2006) citing Mosely v. Kennedy, 17 So. 2d 536, 537 (Ala. 1944) ("Deputies and jailers are alter egos of the Sheriff and are state employees."); Hereford, 586 So. 2d at 210.  Suits against Alabama sheriffs and their employees are therefore prohibited because they are suits against the State.  See Parker v. Amerson, 519 So. 2d 442, 446 (Ala. 1987); Hereford, 586 So. 2d at 210; Ex parte Haralson, 853 So. 2d 928, 932 (Ala. 2003).  This is true even when the sheriff is sued "individually, and as Sheriff."  Parker, 519 So. 2d at 445.

There are only limited exceptions to this immunity.  An Alabama sheriff is immune from suit

> except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

Parker, 519 So. 2d at 443.  Accordingly, even in situations where sheriffs and their employees are sued for negligence or bad faith, the only exceptions to sovereign immunity allowed by the Alabama Supreme Court under Art. 1, § 14 of the Alabama Constitution of 1901, are to enjoin their conduct.  Alexander v. Hatfield, 652 So. 2d 1142, 1143 (Ala. 1994).  With only these narrow exceptions, Alabama sheriffs and their deputies are immune from suit.  Ex parte Purvis, 689 So. 2d at 796; Ex parte Blankenship, 893 So.2d 303, 305 (Ala. 2004).

Slightly over a year ago, the Alabama Supreme Court again affirmed that sheriffs and deputies enjoy absolute immunity to state law money damages claims.  Ex parte Davis, 930 So. 2d 497, 501 (Ala. 2005).  In Davis, the Conecuh County Circuit Court refused to grant a Conecuh County deputy's motion to dismiss state law money damages claims.  930 So. 2d at 499.  Plaintiff's claims against the deputy included false imprisonment, assault and battery,

outrage, wantonness, negligence, trespass, and conversion.  Id.  Granting the deputy's petition for a writ of mandamus and instructing the circuit court to grant the motion to dismiss, the Alabama Supreme Court held that "an action against a sheriff – or a deputy sheriff – for damages arising out of the performance of his duties is essentially a suit against the state" and thereby barred under Article I, § 14 of the Alabama Constitution of 1901.  Id. at 501 (internal quotations and citations omitted).

Here, the Plaintiff has requested "injunctive relief" in his Amended Complaint; however, he has not stated exactly what action he wishes this Court to enjoin.  (Doc. 1, p. 5.)  Rule 65(d), Ala. R. Civ. P., requires that an injunction "be specific" and "describe in reasonable detail . . . the act or acts sought to be restrained."  See Triple J Cattle, Inc. v. Chambers, 551 So. 2d 280, 283 (Ala. 1989) ("The purpose of Rule 65(d)(2) is to ensure that the *statement of the acts to be restrained* and of the persons subject to the order *is clear and unambiguous*, thus allowing proper compliance with the court's order.") (Emphasis added); Bankruptcy Authorities, Inc. v. State ex rel. Evans, 592 So. 2d 1042, 1045 (Ala. 1992) ("Blanket injunctions against *a general violation of state law*, such as the injunction issued in this case, do not satisfy the specificity requirements of Rule 65(d)(2).") (citing Miglionico v. Birmingham News Co., 378 So. 2d 677 (Ala. 1979); International Brotherhood of Electrical Workers v. Morton, 365 So. 2d 662, 664 (Ala. 1978); Schmidt v. Lessard, 414 U.S. 473 (1974) (emphasis added).  This vague and ambiguous request for injunctive relief does not meet the pleading requirements of Rule 65, Ala. R. Civ. P., so the Plaintiff's Amended Complaint does not fall within this narrow exception to the absolute immunity afforded these Defendants under Article I, § 14 of the Alabama Constitution of 1901.

       **2.**    **Alternatively, these Defendants are entitled to qualified immunity in their individual capacities from the Plaintiff's claims because nothing in their conduct crossed a "bright line" contour of clearly established constitutional law.**

These Defendants were acting within their discretionary authority as the Lowndes County Jail Administrator, and as a corrections officer of the Lowndes County Jail during all times relevant to Plaintiff's Amended Complaint because all their actions were taken in the furtherance of their duties. See, e.g., Holloman ex rel. Holloman v. Harland, 370 F.3d 1252 (11th Cir. 2004). All actions alleged in the Plaintiff's Complaint are governed by jail policy and are necessarily law enforcement activities. Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).

       **a.**    **None of these Defendants have violated Plaintiff's federally protected rights.**

The constitutional rights implicated by the Plaintiff's purported claim for false/illegal arrest are the Fourth and the Fourteenth Amendments. See Albright v. Oliver, 510 U.S. 266, 271, n.4 (1994) ("'[O]ur circuit recognizes causes of action under § 1983 for false arrest, illegal detention ... and malicious prosecution' because these causes of action "implicate the constitutional 'guarantees of the fourth and fourteenth amendments"'") (quoting Sanders v. English, 950 F.2d 1152, 1159 (5th Cir. 1992)). However the Plaintiff is barred from bringing any claim under § 1983 that challenges the validity of his conviction, as a claim for false/illegal arrest necessarily would. In Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003), the Eleventh Circuit observed:

> Under Heck v. Humphrey, 512 U.S. 477[] (1994), a state prisoner may not bring a claim for damages under 42 U.S.C. § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Id. at 487[]. As the Supreme Court noted, the most obvious example of an action barred by Heck is one in which the plaintiff actually "seek[s] damages directly attributable to conviction or confinement." Id. at 487 n. 6, []. But even when the plaintiff does not seek such damages, his suit may be barred if, for example, he must negate "an element of the offense of which he has been convicted" in order to prevail, id., or if he contends that the statute under which he was convicted is unconstitutional.

Id. at 1160. Here, the Plaintiff contends that his arrest was fraudulent and/or illegal, and he seeks "punitive damages, mental [and] anguish damages, civil criminal negligence [and] intent of criminal [and] knowingly of criminal damages, color of law injunctive relief." (Doc. 1, p. 3.) This claim clearly falls within the purview of the rule in Heck v. Humphrey, and, accordingly, the claim is barred.

> **b.     Neither the case law of the Eleventh Circuit nor the United States Supreme Court, nor that of the Alabama Supreme Court, placed these Defendants on notice that their conduct would violate Plaintiff's "clearly established" federal rights.**

Even had the Plaintiff successfully stated a constitutional violation, he still bears the burden of showing that the state of the law provided these Defendants with "fair warning" that their conduct would violate the Plaintiff's "clearly established" federal rights. Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003). In determining whether the conduct of the Defendants was clearly established as violating the Plaintiff's constitutional rights, the reviewing court must examine the state of the law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done

such a thing, the government actor has immunity from suit." <u>Storck v. City of Coral Springs</u>, 354 F.3d 1307, 1318 (11th Cir. 2003), 354 F.3d at 1318 (quoting 28 F.3d at 1149).  As the Eleventh Circuit has explained, "[a] plaintiff cannot rely on . . . 'broad legal truisms' to show that a right is clearly established. . . . '[i]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.'" <u>Kelly v. Curtis</u>, 21 F.3d 1544, 1550 (11th Cir. 1994) (reversing denial of qualified immunity as to some defendants) (quoting <u>Post v. City of Fort Lauderdale</u>, 7 F.3d 1552, 1557 (11th Cir. 1992)).

"In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose," here, the Alabama Supreme Court.  <u>Jenkins v. Talladega Bd. of Educ.</u>, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Neither the United States Supreme Court, nor the Eleventh Circuit, nor the Alabama Supreme Court has held a sheriff, a jail administrator, or a corrections officer liable under 42 U.S.C. § 1983 for signing a Consolidated Release Bond that incorrectly denoted the criminal charge pending against the defendant.  In fact, as noted above, the United States Supreme Court has held that an inmate may not bring an action under § 1983 for a claim that necessarily implicates the validity of his conviction.  <u>Heck v. Humphrey</u>, 512 U.S. at 478.  Because the Plaintiff's claim for false/illegal arrest necessarily implicates his conviction, the Plaintiff cannot bring it under § 1983.  Therefore, these Defendants cannot be deemed to have violated the Plaintiff's "clearly established" rights under the existing caselaw.

      c.     **The text of the constitutional provisions that Plaintiff alleges were violated do not on their face prohibit the Defendants' conduct.**

The Eleventh Circuit has recognized an alternate method for establishing that the Defendants had notice that their conduct was unlawful. Accordingly, even where the Plaintiff cannot demonstrate that the caselaw provides these Defendants notice that their conduct violates his constitutional rights, as is the case here, he can establish that these Defendants still had "fair warning" of the constitutional deficiencies of their conduct from the text of the constitutional provision in question. In such a case, Plaintiff must either demonstrate that the pertinent federal statute or federal constitutional provision is specific enough on its face to prohibit the Defendants' conduct as unconstitutional, even in the total absence of caselaw. Storck, 354 F.3d at 1317. The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). To establish this case as an "obvious clarity" case, Plaintiff must show that "the words of the pertinent federal statute or federal constitutional provision" establishing the federal right allegedly violated are "specific enough to establish clearly the law applicable to particular conduct" such that "case law is not needed to establish that the conduct cannot be lawful." Vinyard, 311 F.3d at 1350.

Neither the text of the Eighth Amendment, nor the text of the Fourteenth Amendment on its face, prohibits the conduct of the Defendants in this case as unconstitutional. Even if the Plaintiff had alleged conduct that violated his constitutional rights, neither the relevant bodies of caselaw nor the text of the relevant constitutional provisions would have put these Defendants on notice that their conduct would have violated the Plaintiff's constitutional rights.

**D.     The Plaintiff has failed to allege personal involvement as required by 42 U.S.C. § 1983.**

In order to establish a constitutional violation for conduct under § 1983, the Plaintiff must allege personal involvement on behalf of these Defendants.  The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the Defendants and the constitutional deprivation.  Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995).  The requisite causal connection may be shown by the personal participation of the Defendants, a policy established by the Defendants resulting in indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury.  Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986).

The Plaintiff has failed to allege that Captain Gresham and Sergeant Brutton were in any way personally involved in the allegations surrounding the Plaintiff's claims.  The only allegation the Plaintiff directs specifically to Captain Gresham is that she signed his Consolidated Release Bond, and the Plaintiff has offered no allegation demonstrating that Sergeant Brutton was in any way involved in the conduct that the Plaintiff alleges is unconstitutional.  In fact, the Plaintiff fails to mention Sergeant Brutton anywhere in his Amended Complaint.  There are absolutely no facts in the record to show that these Defendants personally participated in the circumstances surrounding the Plaintiff's claims, nor does the Plaintiff allege specifically how these Defendants violated his constitutional rights.

The Eleventh Circuit in Hartley v. Parnell, 193 F.3d 1263 (11th Cir. 1999), established exactly what is required to state a claim (or prove) supervisory liability:

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.  The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.  The deprivations that

16

constitute widespread abuse sufficient to notify the supervising official must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).

193 F.3d at 1269. The causal connection may also be established where the supervisor's improper "custom or policy . . . result[s] in deliberate indifference to constitutional rights." Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986)). In light of the applicable law, Plaintiff's allegations are insufficient to create liability on the part of the Defendants. As such, all the Plaintiff's claims against Sheriff Wilson are due to be dismissed.

## E.    There is no *respondeat superior* liability under 42 U.S.C. § 1983.

Because the Plaintiff's Amended Complaint contains no allegations demonstrating that these Defendants were in any way involved in the actions he claims were constitutionally infirm, the Plaintiff's § 1983 claim is based upon nothing more than *respondeat superior* and fails to state a claim for which relief may be granted against these Defendants. Neither the express language of § 1983 nor the holdings of the United States Supreme Court support liability on this basis.

42 U.S.C. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, ***subjects, or causes to be subjected***, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

(Emphasis added.) The language of the statute requires that there be a direct causal link between plaintiff and the actions of a putative defendant. Merely employing an individual who causes harm is insufficient to invoke the remedy of this statute.

The United States Supreme Court addressed this exact issue and adopted this holding nearly 30 years ago. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978). In

<u>Monell</u>, the court cited § 1983 and held, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. at 691. Accordingly, as both the explicit text of § 1983 and the opinions of the United States Supreme Court forbid vicarious liability, the Plaintiff's *respondeat superior* claims must fail.

### F.    The Plaintiff is not entitled to an equitable remedy.

The Plaintiff has been released into the custody of the Autauga County Sheriff's Office. The Plaintiff is therefore no longer under these Defendants' custody or control. Consequently, his equitable claim, to the extent that he stated one, is moot. <u>See, e.g.</u>, <u>Cotterall v. Paul</u>, 755 F.2d 777, 780 (11th Cir. 1985) (a prisoner's claim for injunctive relief was moot and properly dismissed, where prisoner had been transferred from county jail in which unconstitutional conditions allegedly existed); <u>McKinnon v. Talladega County</u>, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." (citation omitted)). In addition to being moot, the Plaintiff's request for equitable relief is barred for two other reasons. First, the Plaintiff lacks standing. Second, as a practical matter, no Order of this Court to these Defendants would be able to obtain the relief the Plaintiff seeks.

### 1.    The Plaintiff lacks standing to obtain an equitable remedy.

The Plaintiff lacks standing to pursue any equitable claim. A plaintiff seeking the jurisdiction of the federal courts must show a personal stake in the outcome. <u>Baker v. Carr</u>, 369 U.S. 186, 204 (1962). The Plaintiff must have sustained, or is about to sustain, some direct injury. <u>Golden v. Zwickler</u>, 394 U.S. 103, 109-110 (1969). Of direct relevance to the present case, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974).

In <u>City of Los Angeles v. Lyons</u>, the plaintiff alleged that he had been subjected to a chokehold by arresting officers in violation of his federally protected rights.  461 U.S. 95, 97 (1983).  The plaintiff sought an injunction barring the future use of police chokeholds.  <u>Lyons</u>, 461 U.S. at 98.  After the Ninth Circuit affirmed the district court's grant of a preliminary injunction, the United States Supreme Court reversed, holding that the plaintiff lacked standing. <u>Id.</u>, at 99-100.  The Court stated that the plaintiff's standing rested solely on pure speculation that he **_might_** be stopped by the police, **_might_** be arrested, and **_might_** be subjected to another chokehold.  <u>Id.</u>, at 108.  The court noted that five months elapsed between the choking incident and the filing of the complaint and the plaintiff was not subjected to another chokehold.  <u>Id.</u>

The Plaintiff's claim for injunctive relief, here, is even more speculative than those in <u>Lyons</u>.  Because the Plaintiff is no longer an inmate in the Lowndes County Jail but is, instead, in the custody of the Autauga County Sheriff's Office, his claim is premised on the following hypothetical scenario: the Plaintiff **_might_** escape or be released, **_might_** go to Lowndes County, **_might_** be stopped by police, **_might_** be arrested by an officer with authority to incarcerate someone in the Lowndes County Jail, **_might_** be incarcerated in the Lowndes County Jail.  Such speculation into future conduct – even if it did violate the Plaintiff's rights – does not afford the Plaintiff standing to bring this action.  <u>Lyons</u>, 461 U.S. at 108.

### 2.    No order issued by this Court would effectuate the relief sought by the Plaintiff.

The Plaintiff is no longer under the control of these Defendants.  The Plaintiff is being held by the Autauga County Sheriff's Office.  Consequently, even if the Plaintiff were otherwise able to prove his allegations, no Order of this Court against these Defendants would be effective in forcing these Defendants to take any action with regard to the Plaintiff.  These Defendants do not have the power to force the Autauga County Sheriff's Office to do anything with or for the

Plaintiff.

### E.    The Plaintiff is not entitled to punitive damages

"[P]unitive damages in an action under § 1983 [are only available] when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56 (U.S. 1983).  See also Ferrill v. Parker Group, Inc., 168 F.3d 468 (11th Cir. 1999):

> 'Punitive damages are disfavored by the law and are awarded solely to punish defendants and deter future wrongdoing.'  To support a punitive damages award, a plaintiff must show that the defendant acted with malice or reckless indifference to the plaintiff's federally protected rights.  Malice means 'an intent to harm' and recklessness means 'serious disregard for the consequences of [one's] actions.'

Ferrill, 168 F.3d at 468 (internal citations omitted).

The Plaintiff has not sufficiently alleged facts showing "evil motive or intent" or "reckless or callous indifference to the federally protected rights of others" on the part of Defendants.  Therefore, punitive damages are not proper against these Defendants, and all claims for punitive damages are due to be dismissed.

### F.    Summary Judgment Standard

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant.  Greason v. Kemp, 891 F.2d 829, 831 (11th Cir. 1990).  However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit.  See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).  "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence

comes from disinterested witnesses.'" <u>Reeves</u>, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[5] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting <u>Massachusetts School of Law v. American Bar</u>, 142 F.3d 26, 40 (1st Cir. 1998).

## CONCLUSION

Captain Gresham and Sergeant Brutton deny each and every allegation made by Plaintiff, Robert Lee Allen, in his Complaint. These Defendants have not acted in a manner so as to deprive the Plaintiff of any right to which he is entitled.

Respectfully submitted this 28th day of December, 2007, 2007.

> **s/Joseph L. Hubbard, Jr.**
> DARYL L. MASTERS, Bar No. MAS018
> JOSEPH L. HUBBARD, JR., Bar Number HUB015
> Attorney for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama 36124
> Telephone: (334) 262-1850
> Fax: (334) 262-1889
> E-mail: jhubbard@webbeley.com

---

[5] Although <u>Reeves</u> was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" <u>Reeves</u>, 530 U.S. at 150, <u>citing</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250-251 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 28th day of December, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

Robert Lee Allen
Autauga Metro Jail
136 N. Court Street
Prattville, Alabama  36067-3002

**s/Joseph L. Hubbard, Jr.**
OF COUNSEL

**Exhibit A**
**Inmate Records of Robert Lee Allen**
**Uniform Arrest Report**

# ALABAMA UNIFORM ARREST REPORT

| | Fingerprinted | R84 Completed |
|---|---|---|
| | ① Yes | ① Yes |
| | ② No | ② No |

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

| 1 ORI# | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| AL0450000 | LOWNDES | 101206-17322 | |

**5 LAST, FIRST, MIDDLE NAME** ALLEN  ROBERT  LEE  
**6 ALIAS AKA**

| 7 SEX | 8 RACE | 9 HGT | 10 WGT | 11 EYE | 12 HAIR | 13 SKIN | 14 |
|---|---|---|---|---|---|---|---|
| ⊠M ☐F | ⊠W ☐B ☐A | 0603 | 0185 | BRO | BLK | MED | |

14 ☐SCARS ☐MARKS ☐TATOOS ☐AMPUTATIONS

**15 PLACE OF BIRTH (CITY, COUNTY, STATE)** PRATTVILLE, AL  
**16 SSN** 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  **17 DATE OF BIRTH** 09 06 64  **18 AGE** 42  **19 MISCELLANEOUS ID #**

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL# NA | 23 ST NA |
| 24 FBI # | HENRY CLASS / NCIC CLASS | | | | | | | 25 IDENTIFICATION COMMENTS N/A | |

**26** ☐RESIDENT ⊠NON-RESIDENT  **27 HOME ADDRESS** 1025 BLUEBERRY LN  RATTVILLE  AL 36105  **28 RESIDENCE PHONE** (334) 361-5408  **29 OCCUPATION** NA

**30 EMPLOYER** UNEMPLOYED  **31 BUSINESS ADDRESS** NA  **32 BUSINESS PHONE** NA

**33 LOCATION OF ARREST** LCDF  **34 SECTOR #**  **35 ARRESTED FOR YOUR JURISDICTION?** ⊠YES ☐NO ☐IN STATE ☐OUT OF STATE AGENCY

**36 CONDITION OF ARRESTEE:** ☐DRUNK ⊠SOBER ☐DRINKING ☐DRUGS  **37 RESIST ARREST?** ☐YES ⊠NO  **38 INJURIES?** ⊠NONE ☐OFFICER ☐ARRESTEE  **39 ARMED?** ☐Y ⊠N  **40 DESCRIPTION OF WEAPON** ☐HANDGUN ☐OTHER FIREARM ☐RIFLE ☐OTHER WEAPON ☐SHOTGUN

**41 DATE OF ARREST** 10 12 06  **42 TIME OF ARREST** 7:17 ☐1AM ⊠2PM  **43 MIL.**  **44 DAY OF ARREST** 1 2 3 W ⊠ 6 7  **45 TYPE ARREST** ☐ON VIEW ⊠ON WARRANT ☐ARRESTED BEFORE? ☐Y ⊠N ☐UNKNOWN

**46 CHARGE—1** ☐FEL ⊠MISD THEFT OF PROPERTY 1ST  **47 UCR CODE** 2305  **48 CHARGE—2** ☐FEL ☐MISD  **49 UCR CODE**

**50 STATE CODE/LOCAL ORDINANCE**  **51 WARRANT #**  **52 DATE ISSUED**  **53 STATE CODE/LOCAL ORDINANCE**  **54 WARRANT #**  **55 DATE ISSUED**

**56 CHARGE—3** ☐FEL ☐MISD  **57 UCR CODE**  **58 CHARGE—4** ☐FEL ☐MISD  **59 UCR CODE**

**60 STATE CODE/LOCAL ORDINANCE**  **61 WARRANT #**  **62 DATE ISSUED**  **63 STATE CODE/LOCAL ORDINANCE**  **64 WARRANT #**  **65 DATE ISSUED**

**66 ARREST DISPOSITION** ⊠HELD ☐BAIL ☐RELEASED ☐TOT—LE ☐OTHER  **67 IF OUT ON RELEASE WHAT TYPE?**  **68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME)**  **69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME)**

**70 VYR 71 VMA 72 VMO 73 VST 74 VCO** TOP BOTTOM **75 TAG # 76 LIS 77 LIY**  
**78 VIN 79 IMPOUNDED?** ☐YES ☐NO **80 STORAGE LOCATION/IMPOUND #**  
**81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED** ☐CONTINUED IN NARRATIVE

**82 JUVENILE DISPOSITION:** ☐HANDLED AND RELEASED ☐REF. TO JUVENILE COURT ☐REF. TO WELFARE AGENCY ☐REF. TO OTHER POLICE AGENCY ☐REF. TO ADULT COURT  **83 RELEASED TO**  
**84 PARENT OR GUARDIAN 85 ADDRESS 86 PHONE**  
**87 PARENTS EMPLOYER 88 OCCUPATION 89 ADDRESS 90 PHONE**

**91 DATE AND TIME OF RELEASE** 10 20 07 12:31 ☐AM ⊠MIL.  **92 RELEASING OFFICER NAME** Sgt K. Brutla  **93 AGENCY/DIVISION**  **94 ID #**  
**95 RELEASED TO:** Autauga Co  **96 AGENCY/DIVISION** SO  **97 AGENCY ADDRESS** SO  
**98 PERSONAL PROPERTY RELEASED TO ARRESTEE** ☐YES ☐NO ☐PARTIAL  **99 PROPERTY NOT RELEASED/HELD AT:**  **100 PROPERTY** PO BOX 157 Haynville AL 36040  
**101 REMARKS**

**102 SIGNATURE OF RECEIVING OFFICER** SGT. MONICA S. EDWARDS  **103 SIGNATURE OF RELEASING OFFICER**

**MULTIPLE CASES CLOSED 104 CASE # 105 SFX 106 CASE # 107 SFX 108 CASE # 109 SFX** ☐ADDITIONAL CASES CLOSED NARRATIVE ☐YES ☐NO

**111 ARRESTING OFFICER** VAUGHNER, WILLIE (SHERIFF)  **112 ID #** 200  **113 ARRESTING OFFICER**  **114 ID #**  **115 SUPERVISOR**  **116 WATCH CMDR.**

**TYPE OR PRINT IN BLACK INK ONLY**   ACJIC—34 REV. 10-90

**Exhibit B**
**Inmate Records of Robert Lee Allen**



Allen, Robert Lee B/m
D.O.B 09/06/1964
SSN# 267/75/5691

8/8/06
Rec. Stolen ~~Rep~~ Prop 1st – 20,000.00 Bond
9-21-06
Hold For Autauga Co.

NAME:ROBERT ALLEN
LOWNDES COUNTY DETENTION FACILITY
INMATE IDENTIFICATION CARD

# INMATE REQUEST FORM

DATE: _____ 4/06 _____     TIME: 0 600 _____

NAME: Robert Allen _____     BOOKING# _____     CELL# A-1

Please check ONLY ONE of the following:

___ GRIEVANCE                    ✓ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
___ CHARGES  BOND INFORMATION    ___ MAIL
___ MONEY INFORMATION            ___ OTHER

### Briefly state your request then give to an officer

I Need to Go And See A Doctor
for this spider Bite

_____

_____

_____

_____

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
REQUEST Sgt. Cottvell     DATE 9-14-06  TIME: 7:35

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or
to administration for disposition.

### ACTION TAKEN

DATE: _____          TIME: _____

_____

_____

_____

_____

Reviewed by _____
                        Signature

## HEALTH SERVICES, INC.

| Autaugaville Family Health Center 203 N. Taylor Street Autaugaville, AL 36003 (334) 365-4524 DEA: AH 330681 ♦ Medicaid No. 60027 | Clanton Family Health Center 104 Popwell Avenue Clanton, AL 35045 (205) 755-3980 | Lowndes County Health Services Association 100 Oak Street Hayneville, AL 36040 (334) 548-2516 | Goodwater Family Health Center 252 South Main St Goodwater, AL 35072 (256) 839-1758 | Eclectic Family Health Center 145 Main Street Eclectic, AL 36024 (334) 541-2116 |

DEA: BM 3975641 ♦ Medicaid No. 02635

Name: _Robert Allen_  Date: _9/12/06_

Address:

Medical Dept. Physicians

| | mg./cc. | NO. | SIG. | Ref. |
|---|---|---|---|---|
| Doxepin | 50mg | 90 | I P-o Tid | 0 |
| (Metamucil) | — | 160z | I Tablespoon 2x day | |
| Do not Fill | | | | |

☐ DRUG
TOTAL

| Seema Maheshwari, M.D. 22924 | Oluyinka Adediji, M.D. 24570 | Gabbriel U. Nazareno, M.D. 23197 | F. David Jones, CRNP 1-073567-1810 |
|---|---|---|---|
| George G. Thomas, M.D. 11533 | Vanessa Brown, CRNP 1-04018Y-1193 | | |

Label all prescriptions
NO REFILLS
DEA NO: _____

Product Selection Permitted       Dispense as written

HSI Form 232 (old 001)



**BOB RILEY**
GOVERNOR

*State of Alabama*
*Alabama Department of Corrections*
Draper Correctional Center
P. O. Box 1107
Elmore, AL 36025

**RICHARD F. ALLEN**
COMMISSIONER

September 19, 2006

M E M O R A N D U M

TO:        **Lowndes County Jail**
           **Warden**

FROM:      Phyllis Billups, Warden II

SUBJ:      Permission to Correspond


Inmate Farron Livingston, AIS #205364, requests permission to correspond with inmate
Robert Lee Allen, at your institution.

Inmate Livingston's relationship to inmate Allen is that of brother.

Permission to correspond is:

_____        _____
            **Approved**                              **Disapproved**


Please sign and return the original while keeping a copy for your files.

Correspondence privilege between inmates is not a right and may be withdrawn
by either institutional head.  All mail will be inspected prior to receipt by the inmate.

cc:  **Inmate File**
     **Mailroom**
     **Inmate Copy**
     **File**

| RELEASE/DC | NAME | DRUG | STOP DATE | GROUP | RX# |
|---|---|---|---|---|---|
| | ALLEN, ROBERT | DOXEPIN 50MG CAPSULE | 10/21/2006 | LA | 6464791 |

Signiture _____

LOWNDES COUNTY DETENTION FACILITY
INMATE REQUEST FORM

Note: Please print all information.

Name: Robert Lee Allen     Cell: A-1

Date: 8/18/06     Time: 0 900 HRS

SSN: 267-75 5691 DOB: 9/1/64     Race/Sex: Blk/ m

Please check one of the following: 3

\_\_ Appeal of Grievance/Disciplinary     ✓ Court Date Information

\_\_ Bond Information     ✓ Medical Information

\_\_ Charges Information     \_\_ Classification Information

\_\_ Commissary . Money Clerk Information     \_\_ Visitation Information

✓ Request To Visit Law Library     Thank you!
for your cooperation

Biefly State Your Request Then Give To Jail Officer

Severe Head Aches

DO NOT WRITE BELOW THIS LINE--FOR STAFF USE ONLY

Officer Recieving Request: _____
                          Date:_____     Time:_____

ACTION TAKEN     Time:_____

# LOWNDES COUNTY DETENTION FACILITY
## INMATE REQUEST FORM

Note: Please print all information.

Name: Robert Allen                    Cell: BK 2

Date: 8 / 10 / 06                     Time:

SSN: 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   DOB: 9 / 1 / 69   Race/Sex: B / m

Please check one of the following:

__ Appeal of Grievance/Disciplinary          __ Court Date Information

__ Bond Information                          ✓ Medical Information

__ Charges Information                       __ Classification Information

__ Commissary / Money Clerk Information      __ Visitation Information

__ Request To Visit Law Library

Biefly State Your Request Then Give To Jail Officer

I Got Hit in the eye After being Arrested
And i cant see nothing but shawdows out of it
its been 3days ago when it happen I hdd surgery
on that eye it was remove And put back in to
take out A Tumor whit Maligma Transfar mation

DO NOT WRITE BELOW THIS LINE--FOR STAFF USE ONLY

Officer Recieving Request:

Date:_____    Time:_____

Date _____    ACTION TAKEN    Time:_____

DEPT. OF CORRECTIONS
DRAPER CORRECTIONAL CENTER
P.O. Box 1107
ELMORE, ALABAMA 36025



UNITED STATES POSTAGE
PITNEY BOWES
02 1A          $ 00.39⁰
0004356439     SEP 21 2006
MAILED FROM ZIP CODE 36025

WARDEN
LOWNDES COUNTY JAIL
P O BOX 157
HAYNEVILLE, AL   36040-0157

# INMATE REQUEST FORM

**DATE:** 9/18/06      **TIME:** 0600

**NAME:** Robert Allen      **BOOKING#** _____      **CELL#** A-1

Please check ONLY ONE of the following:

___ GRIEVANCE                    ___ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
___ CHARGES  BOND INFORMATION    ___ MAIL
___ MONEY INFORMATION            ✓ OTHER

Briefly state your request then give to an officer

I would like to speak with the Chief
URGent!

Thank You!

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
REQUEST Sgt. Cottrell DATE: 9-19-06 TIME: 7:58

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or
to administration for disposition.

### ACTION TAKEN

DATE: _____                TIME: _____

Robert, Allen
136 NORth Court, St
PRAttville, Al, 36067-3002

MONTGOMERY AL 361

02 MAR 2007 PM 4 L



INMATE MAIL
AUTAUGA METRO JAIL

Capt, Lairue. GResham
P.O. Box  157
Hayneville, Al, 36040-0157

36040+0157

Hello Capt Gresham,

This is Robert Allen, my social security #
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
I need A Copy of My ☆ Bond that I
Sign when I left the jail Because
I Don't have a Copy, I don't Know
When I go to Court I don't Know
My case Number I don't think yall
gave me one I talk to my lawyer
And he said I was suppose to have
been given A Copy to keep to know
When I go to Court. Please Send Me
A Copy. At the Autauga Jail Address below

Date    3-1-07
Time    5:00 pm

signature    Robert Allen

Thank You!

MR. Robert. Allen
136 North Court St
Prattville Al, 36067

# INMATE REQUEST FORM

**DATE:** 9/8/06          **TIME:** 8:00
**NAME:** Robert Allen    **BOOKING#** _____    **CELL#** A-1

Please check ONLY ONE of the following:

___ GRIEVANCE                          ✓ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY            ___ PROPERTY
___ LAUNDRY                            ___ VISITATION
___ CHARGES/ BOND INFORMATION         ___ MAIL
___ MONEY INFORMATION                 ___ OTHER

Briefly state your request then give to an officer

A spider bite on my stomach
2 times
_____
_____
_____
_____

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
        REQUEST _____ DATE: _____ TIME: ____

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or
to administration for disposition.

### ACTION TAKEN

DATE: _____          TIME: _____

_____
_____
_____
_____

Action taken by: _____
                        Signature

INMATE REQUEST FORM

**DATE:** 9/07/06          **TIME:** 6:00
**NAME:** Robert Allen     **BOOKING#** _____   **CELL#** A-1

**Please check ONLY ONE of the following:**

___ GRIEVANCE                    ✓ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
___ CHARGES/ BOND INFORMATION    ___ MAIL
___ MONEY INFORMATION            ___ OTHER

**Briefly state your request then give to an officer**

I still haven't went to the Bathroom
the fiber laxitive did not work

_____

_____

_____

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
    REQUEST _____ DATE: _____ TIME: ____

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

ACTION TAKEN

DATE: _____          TIME: _____

_____

_____

_____

# LOWNDES COUNTY DETENTION FACILITY
## INMATE REQUEST FORM

Note: Please print all information.

Name: Robert Alten      Cell: _____

Date: 9/6/06      Time: _____

SSN: 262-25-569      DOB: 9/14/06      Race/Sex: B M

Please check one of the following:

___ Appeal of Grievance/Disciplinary      ___ Court Date Information

___ Bond Information      ✓ Medical Information

___ Charges Information      ___ Classification Information

___ Commissary / Money Clerk Information      ___ Visitation Information

___ Request To Visit Law Library

### Biefly State Your Request Then Give To Jail Officer

I haven't been to the bath room in 10 Days I need to see why and away to resolve this problem my stomach hurts because I can't take a Brick inside of me. Thank you for your speedy response to this matter

### DO NOT WRITE BELOW THIS LINE--FOR STAFF USE ONLY

Officer Recieving Request: _____

Date: _____ Time: _____

Date: _____      ACTION TAKEN      Time: _____

# INMATE REQUEST FORM

**DATE:** 9/12/06 _____  **TIME:** 0600 HR _____
**NAME:** Robert Allen _____  **BOOKING#** _____  **CELL#** A-1

Please check ONLY ONE of the following:

___ GRIEVANCE                    ✓ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
___ CHARGES/ BOND INFORMATION    ___ MAIL
___ MONEY INFORMATION            ___ OTHER

Briefly state your request then give to an officer

Spider Bite on Stomach And not
using the Bathroom 18 days
This is the last Request I Am putting
in About this Matter

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
         REQUEST _____ DATE: _____ TIME: ____

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

ACTION TAKEN

DATE: _____                    TIME: _____

_____
_____
_____
_____

Action taken by: _____
                        Signature

# INMATE REQUEST FORM

**DATE:** 8/31/06          **TIME:** 0700

**NAME:** Robert Allen          **BOOKING#** _____          **CELL#** A-1

**Please check ONLY ONE of the following:**

___ GRIEVANCE                              ___ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY        ___ PROPERTY
___ LAUNDRY                                 ___ VISITATION
___ CHARGES/ BOND INFORMATION   ___ MAIL
___ MONEY INFORMATION              _X_ OTHER

**Briefly state your request then give to an officer**

I need my Case # number
you said you would give it to me today
if i turn this Request form in

Thank you Kindly

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
REQUEST _[signature]_ DATE: 8/31/06 TIME: 6:41 AM

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or
to administration for disposition.

### ACTION TAKEN

DATE: 8/31/06          TIME: _____

Charge: Theft of Property 1ST $20,000.00

Action taken by: _____
                            Signature

IN THE DISTRICT COURT OF LOWNDES COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, | * |
| Plaintiff, | * |
| VS. | *  CASE NO. DC-2006-578 |
| ROBERT LEE ALLEN, | * |
| Defendant. | * |

## **ORDER**

It is ORDERED, ADJUDGED and DECREED that the above styled case is hereby set for preliminary hearing on Tuesday, September 19, 2006, at 1:00 p.m., Lowndes County Courthouse, Hayneville, Alabama.

**DONE** this the 31st day of August, 2006.

TERRI BOZEMAN LOVELL
District Judge

**Exhibit C**
**9/21/06 Order for Inmate Return**

ACSU

Tuesday

ORDER FOR INMATE RETURN    DC 2006 000214.00

IN THE DISTRICT COURT OF AUTAUGA COUNTY

STATE OF ALABAMA    VS ALLEN ROBERT LEE

WHEREAS, ON SEPTEMBER 21, 2006, AN ORDER WAS DULY MADE BY

PHILLIP W WOOD                    OF THE DISTRICT COURT OF THIS COUNTY AND

ISSUED BY THE CLERK OF SAID COURT COMMANDING YOU TO HAVE

ALLEN ROBERT LEE (B;M;09011964;AIS#: O O), A STATE CONVICT,

PRESENTLY HOUSED AT *Lowndes Co* BEFORE SAID COURT ON OCTOBER   12, 2006

IN A CAUSE NOW PENDING IN SAID COURT WHEREIN THE STATE OF ALABAMA IS

PLAINTIFF AND THE TESTIMONY OF THE ABOVE NAMED PRISONER BEING MATERIAL

AND NOT OBTAINABLE FROM ANY OTHER SOURCE.

Carl Bob

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:
YOU ARE COMMANDED TO HAVE THE ABOVE NAMED PRISONER BEFORE SAID
COURT ON SAID DAY ACCORDING TO THE MANDATE OF THIS WRIT.

THEREAFTER, IT IS ORDERED THAT THE SHERIFF OF THIS COUNTY OR ANY OF
HIS DEPUTIES, RETURN SAID DEFENDANT TO THE CUSTODY OF THE DEPARTMENT OF
CORRECTIONS IMMEDIATELY UPON COMPLETION OF THE SCHEDULED COURT PROCEEDINGS,
AND THE DEPARTMENT OF CORRECTIONS IS ORDERED TO RECEIVE SAID DEFENDANT UPON
HIS RETURN.

IN TESTIMONY WHEREOF, I HAVE SET MY HAND THIS SEPTEMBER 21, 2006

_Phillip W Wood_
_District Judge_

8:30 A.M.  BENCH TRIAL
CRIMINAL TRESPASS 3RD - 13A-007-004

------------------------------------------------------------------------

ACR365                    ORDER FOR INMATE RETURN        DC 2006 000214.00

IN THE DISTRICT COURT OF AUTAUGA COUNTY

STATE OF ALABAMA     VS ALLEN ROBERT LEE

WHEREAS, ON SEPTEMBER 21, 2006, AN ORDER WAS DULY MADE BY

PHILLIP W WOOD                    OF THE DISTRICT COURT OF THIS COUNTY AND

ISSUED BY THE CLERK OF SAID COURT COMMANDING YOU TO HAVE

ALLEN ROBERT LEE (B;M;09011964;AIS#: O O), A STATE CONVICT,

PRESENTLY HOUSED AT _____ BEFORE SAID COURT ON OCTOBER   12, 2006

IN A CAUSE NOW PENDING IN SAID COURT WHEREIN THE STATE OF ALABAMA IS

PLAINTIFF AND THE TESTIMONY OF THE ABOVE NAMED PRISONER BEING MATERIAL

AND NOT OBTAINABLE FROM ANY OTHER SOURCE.

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:
YOU ARE COMMANDED TO HAVE THE ABOVE NAMED PRISONER BEFORE SAID
COURT ON SAID DAY ACCORDING TO THE MANDATE OF THIS WRIT.

THEREAFTER, IT IS ORDERED THAT THE SHERIFF OF THIS COUNTY OR ANY OF
HIS DEPUTIES, RETURN SAID DEFENDANT TO THE CUSTODY OF THE DEPARTMENT OF
CORRECTIONS IMMEDIATELY UPON COMPLETION OF THE SCHEDULED COURT PROCEEDINGS,
AND THE DEPARTMENT OF CORRECTIONS IS ORDERED TO RECEIVE SAID DEFENDANT UPON
HIS RETURN.

IN TESTIMONY WHEREOF, I HAVE SET MY HAND THIS SEPTEMBER 21, 2006

WHIT MONCRIEF                                    CLERK

8:30 A.M.  BENCH TRIAL
CRIMINAL TRESPASS 3RD - 13A-007-004

**Exhibit D**
**Alabama Uniform Arrest Report noting Release**

ALABAMA UNIFORM ARREST REPORT

_Case 2:07-cv-00928-MHT-WC Document 29-3 Filed 12/28/2007 Page 47_

**ALABAMA UNIFORM ARREST REPORT**

Fingerprinted? Yes/No · R84 Completely? Yes/No

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

1 ORI# AL0450000
2 AGENCY NAME LOWNDES
3 CASE# 080806-17322

5 LAST, FIRST, MIDDLE NAME: ALLEN ROBERT LEE
6 ALIAS AKA: NA

7 SEX M · 8 RACE B · 9 HGT 603 · 10 WGT 185 · 11 EYE BRO · 12 HAIR BLK · 13 SKIN MED

15 PLACE OF BIRTH: PRATTVILLE AL. · 16 SSN 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 · 17 DOB 09/06/64 · 18 AGE 42

22 DL# NA · 23 ST NA · 24 FBI# · 25 IDENTIFICATION COMMENTS NA

26 NON-RESIDENT X · 27 HOME ADDRESS 1025 BLUEBERRY LR PRATTVILLE AL.36105 · 28 RESIDENCE PHONE (334)361-5408 · 29 OCCUPATION NA

30 EMPLOYER UNEMPLOYED · 31 BUSINESS ADDRESS NA · 32 BUSINESS PHONE NA

33 LOCATION OF ARREST: CO. RD. 40 · 35 ARRESTED FOR YOUR JURISDICTION? YES X · OUT OF STATE AGENCY

36 CONDITION OF ARRESTEE: SOBER X, DRINKING · 37 RESIST ARREST? YES X · 38 INJURIES? NONE X · 39 ARMED? N

41 DATE OF ARREST 08/08/06 · 42 TIME OF ARREST 7:09 · 43 DAY S M T W T F S · 44 TYPE ARREST ON VIEW X

46 CHARGE-1 FEL X: THEFT OF PROPERTY 1ST · 47 UCR CODE 2305

66 ARREST DISPOSITION: HELD X · 67 IF OUT ON RELEASE WHAT TYPE? Autauga Co.

91 DATE AND TIME OF RELEASE · 92 RELEASING OFFICER NAME · 93 AGENCY/DIVISION SO
95 RELEASED TO: Autauga Co. · 97 AGENCY ADDRESS P.O. box 157 Hayneville Al 736040

102 SIGNATURE OF RECEIVING OFFICER CPL. L.TAYLOR · 103 SIGNATURE OF RELEASING OFFICER Sgt Cottrell

111 ARRESTING OFFICER INV.LEE · 112 ID# 205 · 113 ARRESTING OFFICER DEP.HARRIS · 114 ID# 208

TYPE OR PRINT IN BLACK INK ONLY · ACJIC-34 REV. 10-90

**Exhibit E**
**10/12/06 Order of Release From Jail**

D | 06 | 214
---|---|---
ID | YR | Number

## IN THE DISTRICT COURT OF AUTAUGA COUNTY

### STATE OF ALABAMA vs. Robert Lee Allen

## TO THE JAILER OF AUTAUGA COUNTY

You are ordered to release from your custody the above-named defendant, charged with the offense(s) of Criminal Trespassing

Reason(s) for Release: Case Dismissed

DONE this 12th day of Oct. , 20 06 .

_Phillip Wood_
**PHILLIP W. WOOD - DISTRICT JUDGE**

COPY

Foregoing Order executed by JAMES W. JOHNSON
**JAMES W. JOHNSON - SHERIFF**

By: Sgt W J Bartush ,D.S.

Filed 10-12- , 20 06 .

WHIT MONCRIEF - CIRCUIT CLERK

**Exhibit F**
**2/2/07 Teletype from Autauga County Sheriff's Office to Lowndes County Jail**

2EX.10:43 02/07/2007 9860037
AM.AL0040002.AL0450000,AL0450001,AL0040000.

                         URGENT NOTICE OR REQUEST
TO:LOWNDES COUNTY JAIL
REF: ROBERT LEE ALLEN B/M 9-1-64
PLEASE PLACE A DETAINER ON THIS PERSON WE HOLD WARRANTS ON THIS PERSON
PICKUP WHEN HE IS READY TO BE RELEASED.
AUTH/SHERIFF JOHNSON
SEQ # 0060 MRI # 9860037

**Exhibit G**
**Affidavit of Laura Gresham**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07-cv-009028-MHT-WC |
| | ) | |
| LOWNDES COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF LAURA GRESHAM

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LOWNDES | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Laura Gresham, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Laura Gresham. I serve as the Jail Administrator for the Lowndes County, Alabama Jail and was serving in that capacity at the time of the incident made the basis of the Plaintiff's Complaint. I am over the age of nineteen and competent to make this affidavit.

2.    I am familiar with Robert Lee Allen because he was incarcerated in the Lowndes County Jail at different times in 2006 and 2007.

3.    I have read Mr. Allen's Complaint, and I have personal knowledge of the facts underlying the Plaintiff's allegations.

4.    Since his incarceration in the Lowndes County Jail, Mr. Allen submitted numerous inmate request forms, but none of them related to any of the allegations in his Complaint.

5.      On February 2, 2007, the Autauga County Sheriff's Office issued a teletype to the Lowndes County Jail requesting that a "detainer" be placed on Mr. Allen because Autauga County held warrants on him, and the Autauga County Sheriff's Office requested to pick up the Plaintiff when he was released.

6.      That same day, Sheriff Vaughner authorized me to allow Mr. Allen to sign a signature bond that would release him into the custody of the Autauga County Sheriff's Office.

7.      After Mr. Allen was brought to the Booking Room, Sergeant Brutton handed him a Consolidated Appearance Bond that Sheriff Vaughner and I had already signed.

8.      The Plaintiff voluntarily signed the Consolidated Appearance Bond, and he was released into the custody of a Lowndes County Deputy Sheriff.

9.      I do not recall which Lowndes County Deputy Sheriff transferred Mr. Allen into the custody of the Autauga County Sheriff's Office.

10.     Due to a clerical error, the Consolidated Appearance Bond incorrectly denoted the charge for which Mr. Allen was released as receipt of stolen property in the first degree, instead of theft of property in the first degree

11.     It is the policy of the Lowndes County Sheriff's Office that members of the jail staff receive and answer any written grievances made by inmates. Inmates may, at any time, submit grievances to members of the jail staff, in writing. The jail staff is charged with the responsibility of receiving and forwarding these forms to the appropriate authority, and the officer receiving the request must answer the request, if possible. Copies of all grievances are placed in the inmate's file.

12.     All inmates are informed of the grievance procedure at the time they are booked into the jail, and, in addition, are given a copy of the jail's rules and regulations for inmates.

13.     The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate request forms to members of the jail staff during his incarceration. All requests submitted by Mr. Allen

2

were placed in his jail file, per standard operating procedure. I did not receive any grievance from the Plaintiff concerning any of the allegations made in his Complaint.

14. Since his transfer to the Autauga County Jail on February 7, 2007, I have not had any personal contact with Mr. Allen whatsoever.

15. I deny that I have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.

16. I certify and state that the documents provided to this Court which are attached to the Defendants' Special Report are true and correct copies of inmate records kept at the Lowndes County Jail in the regular course of business, and I am custodian of those records.

17. I swear, to the best of my present knowledge, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

LAURA GRESHAM

SWORN TO and SUBSCRIBED before me this the 17 day of December, 2007.

NOTARY PUBLIC
My Commission Expires: _My Commission Expires 10/27/09_

(SEAL)

3

**Exhibit H**
**Affidavit of Lorraine Brutton**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 2:07-cv-85-WKW-WC |
| | ) | |
| SHERIFF WILLIE VAUGHNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF LORRAINE BRUTTON

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LOWNDES | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Lorraine Brutton, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Lorraine Brutton. I serve as a Sergeant for the Lowndes County, Alabama Jail and was serving in that capacity at the time of the incident made the basis of the Plaintiff's Complaint. I am over the age of nineteen and competent to make this affidavit.

2.    I am familiar with Robert Lee Allen because he was incarcerated in the Lowndes County Jail at different times in 2006 and 2007.

3.    I have read Mr. Allen's Complaint, and I have personal knowledge of the facts underlying the Plaintiff's allegations.

4.    On February 2, 2007, Mr. Allen was brought to the Booking Room, I handed him a Consolidated Appearance Bond that Sheriff Vaughner and Captain Gresham had already signed.

handed him a Consolidated Appearance Bond that Sheriff Vaughner and Captain

Gresham had already signed.

5.    The Plaintiff voluntarily signed the Consolidated Appearance Bond,

and he was released into the custody of a Lowndes County Deputy Sheriff.

6.    I do not recall which Lowndes County Deputy Sheriff transferred Mr.

Allen into the custody of the Autauga County Sheriff's Office.

7.    Since his transfer to the Autauga County Jail on February 7, 2007, I

have not had any personal contact with Mr. Allen whatsoever.

8.    I deny that I have acted, or caused anyone to act, in such a manner so

as to deprive the Plaintiff of any right to which he was entitled.

9.    I swear, to the best of my present knowledge, that the above statements

are true, that I am competent to make this affidavit, and that the above statements are

made by drawing from my personal knowledge of the situation.

_____                    LORRAINE BRUTTON


SWORN TO and SUBSCRIBED before me this the 17th day of December,
2007.

_____                    NOTARY PUBLIC
(SEAL)                                       My Commission Expires: 4/6/2010

**Exhibit I**
**Consolidated Appearance Bond, 2/2/07**

State of Alabama
Unified Judicial System

**CONSOLIDATED APPEARANCE BOND**
(District Court, Grand Jury, Circuit Court)

Form CR-10    Rev. 8/98

Case Number

IN THE _Circuit_ COURT OF _Lowndes_ , ALABAMA
    (Circuit or District)                     (Name of County)

STATE OF ALABAMA v. _Robert Allen_
                                  Defendant

I, _Robert Allen_ (Defendant), as principal,
and i (we), _____
                            (Please print)

_____, as surety(ies), agree
to pay the State of Alabama the sum of $ _20,000.00_ and such costs as authorized by law unless the above-named defendant appears before the district court of the county on _____ (date) at _____ M. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of _Rec. Stolen Property 1st_ , or any other charge as authorized by law.
    We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.
    It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are otherwise duly exonerated as provided by law.
    Signed and sealed this date with notice that false statements are punishable as perjury.

Signature of Defendant _Robert Allen_ (L.S.)

| Address (print) _102 Sloyberry lane_ | City _Prattville_ | State _AL_ | Zip _36067_ |

Signature of Surety/Agent of Professional Surety or Bail Company (L.S.)

| Social Security Number | Telephone Number |

| Address (print) | City | State | Zip |

Signature of Surety/Agent of Professional Surety or Bail Company (L.S.)

| Social Security Number | Telephone Number |

| Address (print) | City | State | Zip |

Signature of Surety/Agent of Professional Surety or Bail Company (L.S.)

| Social Security Number | Telephone Number |

| Address (print) | City | State | Zip |

Signature of Surety/Agent of Professional Surety or Bail Company (L.S.)

| Social Security Number | Telephone Number |

| Address (print) | City | State | Zip |

_Feb 7, 2007_
Date

_Willie Vaughner_
Approved by: Judge/Magistrate/Sheriff
_Capt. Laura Gist_
By: Deputy Sheriff

**Defendant's Information**

| Date of Birth _9/6/1964_ | Sex _M_ | Height _6'3_ | Weight _195_ | Employer |
| Social Security Number _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_ | Race _Blk_ | Hair _Blk_ | Eyes _Bro_ | Employer's Address |
| Driver's License Number | State ( ) | Telephone Number _334) 361-5408_ | | Employer's Telephone Number |

COURT RECORD: Original      DEFENDANT: Copy      SURETY: Copy