IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

ROBERT LEE ALLEN,
        Plaintiff,

    V,                              2:07-CV-928-MHT

CAPTAIN LAURA GRESHAM, et al.,
        Defendants,

PLAINTIFF'S RESPONSE AND ANSWER TO DEFENDANTS
SPECIAL REPORT TO THE MAGISTRATE AND ALSO
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Plaintiff, ROBERT LEE ALLEN,
Pro se, and Respectfully files this his Response
to the Defendant's Special Report.

The Plaintiff would state to this Honorable Court,
that Defendants GRESHAM, and Brutton has
assertered Numerous Defenses, some of which
do not Apply in this Cause.

i of 18

## INTRODUCTION

ON February 7, 2007, the Defendants released the Plaintiff using Alleged fraudulent document(s) with Alleged forged signature's (                    ) SGt. Brutton was the only one with this Consolidated Appearance Bond in her possesion and if plaintiff proves at the time of trial his Allegation is true, who should be in this Instant Complaint other than SGt. Brutton. If the Honorable Court would read (Affidavit of Laura Gresham in their Special Report, lines "5", 6", 7," Case no, 2:07-CV-928-MHT) Plaintiff is establishing the alleged link, from the amount of Governmental officials who Supposely handle this Consolidated Appearance Bond. Now that the plaintiff has showed this Casual link between all parties, Plaintiff Request that all remaining defendants stay a party in this Instant Complaint, Plaintiff alleged that Sheriff Vaughner, and Captain Gresham did not sign Consolidated Appearance Bond

2 of 18

Plaintiff did not say that Gresham, and Vaughner sign this Bond as _STATED_ in their Special Report and Answer (see page 2, look under "Plaintiff Allegations" in case no. 2:07-cv-928-MHT)(see Instant Complaint)

Now I ask this Honorable Court to absorb some more of the Defendants deception in their Sworn Affidavits (read no. 9, in Gresham, now read no. 6, in Brutton) It reads, I do not recall which Lowndes County Deputy Sheriff transferred Mr. Allen into the custody of the Autauga County Sheriff Office.
What's the reason that both Defendants forgot the Deputy name that transferred Allen on 2/7/2007, their should be some type of records kept somewhere to keep up with the releasing of Alleged pre-trial Detainees.

(see no. 10, of Gresham Aff.) It STATES, Due to a clerical error, the Consolidated Appearance Bond incorrectly denoted the charge for which Mr. Allen was released as receipt of Stolen Property in the first degree, instead of theft of property in the first degree.

The plaintiff will show the Honorable Court
More alleged Deception with these Enclosed
(Exhibits, any and all    ) I Respectfully
ask the Honorable Court to read Exhibit "A"
now Keep this document in your hand while
you read these other exhibits. Now Exhibit
"B" states that the charge was recalled
on August 9, 2006, To the Charge of Theft
of property 1st,
Now I want you to read this Exhibit "C"
where   State: Date Issued 9/21/2006
this Docket Notice has the same Date as
this "Handwritten Exhibit" from the Defendant's
special Report that you are holding in your
hand Now I want you to ask yourself how
can this be Something is not right here Somewhere.
Now I want this Honorable Court to absorb
this Exhibit "D" INMate Request Form
dated 8/31/2006, from the Lowndes County
Jail Now I ask you to please read what
it States at the bottom: it States
Charge: theft of property 1st

4 of 18

Now I ask this Honorable Court to look at Exhibit "_B_" of the Original Complaint, Lownde County Arrest warrant wr-06-434 it appears that this is a pattern.

Can the defendants keep doing as they wish with their Authority, I want you to decide, I was thrown in their jail and I did not know I had an Attorney for the First 6 Months, I was denied an Arraignment and also denied a preliminary Hearing.

I have documents to prove this happen, the Defendants release Me Knowingly and Willingly and allowed this illegal arrest to happen outside both agency's jurisdiction on February 7, 2007.

The plaintiff States to this Honorable Court that he is aware that he Must submit Grievance forms before he can proceed with a Complaint in the Honorable Court. The plaintiff in fact _Mailed handwritten Grievance forms_ to the Defendant's and after the Defendants receive them they

Started Returning My Mailed letter's
unopen back to the Autauga Jail.
If this Honorable Court would look at
Exhibits "H-1,2", of the Original Complaint
Returned letter's.
Now I want the Honorable Court to look
at Exhibit "E" Return, letter, dated Nov 26, 2007,
with Capt, Gresham, and SGt, Brutton names
listed on them How can the Defendants say
that they have not been in contact with
the plaintiff Allen.

The plaintiff has also been writing letter's
to the Montgomery Honorable Circuit Clerk,
MRS, Melissa Rittenour, trying to Exhaust all
Remedies trying to find out why they was not
inform of My arrest, taken place inside of
their jurisdiction.
Montgomery County has noRecords of this
Arrest of Robert Allen taken place in their
jurisdiction. (see Exhibits "F" "G" )

6 of 18

# AFFIRMATIVE DEFENSE TO RESPONSE

1.) The plaintiff did in fact comply with the Mandatory requirments of the Prison Litigation Reform Act, 42 U.S.C. § 1997e. I ask the Honorable Court to review the Enclosed Exhibits "A" "B" "C" "D" "E" "F" and "G" to see how the plaintiff has Mailed letter's Exhausting Remedies and Mailing Grievance's forms, but after the defendants received the first set of grievances they started "Returning Mail to Sender" also see Exhibits: H-1,2 of the Original Complaint.

The Defendant States that the Plaintiff fails to state a claim upon which relief May be granted. When this Arrest took place, the Plaintiff was not in Lowndes County jurisdiction nor was he in Autauga County jurisdiction the plaintiff was in Montgomery County jurisdiction Yet in Title 15-10-10 Code of Alabama, 1975 that section Specifically States:

cont. next page —

A WARRANT OF ARREST SHALL BE EXECUTED IN THE COUNTY IN WHICH IT WAS ISSUED, UNLESS THE DEFENDANT, IS IN ANOTHER COUNTY, IT MAY BE EXECUTED THEREIN ON A WRITTEN ENDORSEMENT ON A WARRANT BY A JUDGE OR MAGISTRATE OF THAT COUNTY SIGNED BY HIM TO THE FOLLOWING EFFECT:
THIS WARRANT MAY BE EXECUTED IN . . . . . . . . . COUNTY.

See, ROSS V. NEFF 905 F. 2d 1353-54 Illegal Arrest, we have implied that an arrest Made outside of the arresting officer's jurisdiction violates the fourth Amendant to the Constitution and is therefore actionable pursuant to 42 U.S.C. 1983 under the appropiate circumstances,

ARREST

A law enforcement officer May not obtain an arrest in one county and execute it in another county without also obtaining, before executing the warrant its endorsement by a judge or Magistrate of the County where the arrest is to take place. CODE 1975 § 15-10-10

8 of 18

Title 6-5-338, Peace officers on or off duty. Jurisdiction. A Police officer's arrest of the plaintiff outside the County Containing the City employing the officer exceeded his Authority and therefore his claim of peace officer immunity. Being that it was the action undertaken by Defendant that cause this arrest to take place.

The Defendant further request that this Honorable Court allow him/her to plead and use the defense of Absolute Immunity and the plaintiff request also, that this Honorable Court thus deny's this Request also, due to, the Defendant's should not have acted in bad faith, and the use of fraudulent documents Allegedly to release the plaintiff and transport outside of their jurisdiction Knowingly and willingly, (see Enclosed Exhibits, "A""B""C""D""E""F"and G", and original Complaint Exhibits) to be arrested by an Autauga Deputy Sheriff outside of his jurisdiction, on February 7, 2007.

The Plaintiff would State to this Honorable Court
that in order to overcome a Defendants assertion
of Qualified Immunity, that the Plaintiff Must
demonstrate that in order to overcome a
Defendants assertion of Qualified Immunity,
that the Plaintiff Must demonstrate that at
the time of the alleged Violation the Contours
of the allegedly Violated Rights were:

Suffiently Clear that a reasonable official
would understand that what he/she was doing
Violated the laws and that particular right
ANDERSON V. CREIGHTON 483 U.S. 635, 97 L.ED. 2d.
523, 107 S. ct. 3034 (1987)

The Plaintiff would state that by the time that
he is done Pleading this case, that he feels
that he will have done just that, that he will
have demonstrated that the Defendant should
have reasonabley Known what the laws were
and what rights he was Violating.

10 of 18

IN the case of <u>ANDISON(?) vs. Allstate Insurance Company,</u>
58 F. Supp. 2d. 734 [10] (S.D. MISS. 1999), that Court
held that in ORDER to AVOID DISMISSAL for failure
to State a Claim, Plaintiff "MUST PLEAD SPECIFIC
FACTS, NOT MERE CONCLUSORY ALLEGATION."

IN the case at bar, the plaintiff avers to this
HONORABLE COURT that he has plead specific facts,
and that he has not alleged Mere Allegations
as the Defendant suggests.

The Plaintiff would Respectfully Request that this
Honorable Court consider the Violation of the
plaintiff's 4th Amendment Right, the Defendants
allegedly use fraudulent document(s) to release
and Transport the plaintiff Allen, outside of their
jurisdiction so that an Autauga Deputy Sheriff
could also violate the plaintiff Allen, rights by
Executing Autauga County ARRest Warrants outside
of their jurisdiction, Also, on February 7, 2007.
These arrest Warrants were sign in one County
and executed in another. (Montgomery County, Ala)

11 of 18

The Defendants further claims Qualified Immunity and the plaintiff Request that this Honorable Court thus deny's this Request also, due to, the Defendants should have been able to exercise reasonable judgement in what is Just and proper under the Circumstances.

The Defendant further Request that this Honorable Court allow him to plead and use the defense of Sovereign Immunity, in response to this claim, the plaintiff States that he has not sued the Government or a State Agency, he has thus sued an individual acting Under the Color of State Law and in his individual Capacity, and thus he should not be allowed to plead this Immunity.

The Defendant further goes on to plead and State that they did not violate any of the plaintiff's Constitutional Rights, to which the plaintiff still asserts that they did, and shows such by the Accompanying Documents.

The Defendant asserts that all the actions
that were undertook were reasonable, legitimate,
Justified, and legal under the circumstances,
Yet the Plaintiff asserts that this is not
true at all, the Enclosed Exhibits show
otherwise (see Exhibits) Enclosed __all__

The Defendant further pleads that there is a
lack of Causation between the plaintiff's
Allegations, And that plaintiff Allen, did not
submit any written Grievance forms about
this Instant Complaint the defendant has not
Proven this issue. The Plaintiff would state
that there is a causation between the plaintiff's
allegations, and the Defendants actions, something
happen. I Respectfully Request the Honorable Court
to look and see for themselves, what the
defendants care about "__Incoming Mail__," and
Grievance forms, submitted or mailed to
Lowndes County Jail. (see Exhibits __all__
_____ ) See Exhibits __all__ of the
Original Complaint 2:07-CV-928-MHT,
See Exhibits "A" C "G" of case no. 2:07-CV-90-10
See Amended

13 of 18

The Plaintiff States to the Honorable Court that he done his part in the filing of the Grievances and properly exhausting Adminis-trative remedies, the plaintiff even Contacted Montgomery County Circuit Clerk on several occassions Exhausting Remedies in their County and also in Autauga County as well its not my fault their jail staff does'nt handle the Mail properly through the jail procedure. (see Exhibits Enclosed) see Instant Complaint Exhibits)

The Plaintiff admits that no policy in or custom as the Moving force as the defendant claims behind the alleged Violations, but, that it was the actions of the defendant's which violated the plaintiff's right.

The Defendants further States that the plaintiff's Complaint fails to state a Claim for which relief Can be granted, and the plaintiff denies this allegation as well there are numerous grounds on which the Honorable Court can grant and State that the defendants Violated his Constitutional rights.

14 of 18

The Plaintiff would Respectfully Request Honorable Court to Review any and all documents thouroughly and absorb the alleged Decibits done by the Lowndes County Jail staff In their Illegal release and Transport of Plaintiff Allen on February 7, 200   of

The Plaintiff would state to this Honorable Court, that if the Defendants would not have provided the plaintiff with the alleged Fraudulense the plaintiff would never have been illegal in Montgomery, the Defendants even Authrested the Transport of the plaintiff outside c jurisdiction to be arrested on February

I want the Honorable Court to read the In of Case no. 2:07-CV-90-ID, the Court has allow the plaintiff access to this case t use as Evidence, it reads that the plainti Allen, was released to the Custody of Autauga County on October 10, 2007, and stayed in th Custody until January, 2007, and returnec to Lowndes County, This "not true"

15 of 18

The Plaintiff would Respectfully Request the Honorable Court to Review any and all Exhibits thouroughly and absorb the alleged Deception done by the Lowndes County Jail staff. In their Illegal release and Transport of Plaintiff Allen on February 7, 2007

The Plaintiff would state to this Honorable Court, that if the Defendants would not have release the plaintiff with the alleged Fraudulent Bond, the plaintiff would never have been illegally arrested in Montgomery, the Defendants even Authorize the Transport of the plaintiff outside of their Jurisdiction to be arrested on February 7, 2007.

I want the Honorable Court to read the Introduction of Case no. 2:07-CV-90-ID, the Court has already allow the plaintiff access to this case to use as Evidence, it reads that the plaintiff Allen, was released to the Custody of Autauga County on October 10, 2007, and stayed in their Custody until January, 2007, and returned to Lowndes County, This "not true"

15 oF 18

It is the Plaintiff's position that while
Defendant Gresham and SGt. Brutton
hold position of Authority they CANNOT
Go outside the SCOPE of the Law, when
it comes to dealing with the execution
of Bond release's, and the plaintiff would
assert that this is one area, in which
Both Defendants should have Considerable
Amount of experience in, being a Jailer
for a numerous amount of years. If the
Honorable Court would (see ~~Exhi~~ Exhibit
"J" Lowndes County arrest warrant) of the
Original Complaint, do you see what I
see, yes, somebody scratch the original
name out and wrote the plaintiff's name
on this Lowndes County warrant, and
arrested Robert lee Allen and put
him in jail. Now Do you see this pattern.
Now I want you to Match the Bond signature's
of VAughner to this Arrest warrant
Do they Match up? no, now do you see
what I see. (See Exhibit "D" "E" of case no.
2:07-cv-90-ID, judicial Notice has been granted)

The Court will see with their own eye's that someone else sign this Consolidated Appearance bond. The plaintiff alleges that VAughner, and Capt. Gresham did not sign this bond and thus Making <u>his</u> release a fraudulent illegal release and transport, to be arrested illegal outside both agency's jurisdiction.

The Defendant further goes on to request that this Honorable Court Grant him the priveledge of Good Faith Immunity, and once again the plaintiff Must request that this Honorable Court Deny's this request based on the fact that there are discreptancies concerning the Consolidated Appearance Bond and its issuance.

The plaintiff reserve the right to Supplement this Response by adding additional affirmative defense's as the facts of this case are developed and if Discovery is ordered by the Court,

Respectfully submitted this 8th day of February , 2008,

17 of 18

# CONCLUSION

WHEREFORE, the plaintiff, Respectfully Request this Honorable Court take jurisdiction in this cause and Grant in the plaintiff's favor, I ask the Court to keep in mind that the plaintiff does not hold a Degree in Law, and plaintiff is doing the best that he can to Demonstrate the Truth to the Honorable Court. And provide Documents to back up the truth and facts in this cause, The plaintiff Request for this cause to proceed. I ask Respectfully and Request the Honorable Court to review the Signature's any and all with the true signature's of MR, VAughner, and Capt, Gresham with all of their fail attemps to make their signature's look like the Consolidated Appearance bond, that only a _Sheriff_, or _Magistrate_, _Judge_ _can sign_, Someone else sign this Bond Allegedly you decide,

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoin upon the Honorable, _Joseph HUBBARD, JR_ by placing the same in the U.S. Mail postage prepaid, on February 8 th, 2008.

Robert Allen
136 N Court st
PRAttvile, Al 36067

Pro se Robert Allen
18 of 18

Robert Allen, Pro se Attorney
136 N. Court ST
Prattville Al, 36067-3002

Legal Mail Enclosed

2 oF 2

Honorable, Clerk MRS. Debra Hackett
UNITED STATES DISTRICT COURT
P.O. Box 711
Montgomery, Al, 36101-0711

INMATE MAIL
AUTAUGA METRO JAIL

Exhibit "A"

Allen, Robert Lee    B/m
D.O.B 09/06/1964
SSN# 267/75/5691

8/8/06
Rec. Stolen ~~Prop~~ Prop 1st — 20,000.00 Bond

( 9 - 21 - 06 )

Hold For Autagua Co.

| 1. SUBJECT | 2. FILE NUMBER |
|---|---|
| RECALL OF LOWNDES COUNTY WARRANT #WR 2006 000434.00 | 4C–0963–23–2006 |

| 3. DATE OF REPORT | 4. SENSITIVITY |
|---|---|
| 20060815 | CODE  C |

5. DETAILS

On Tuesday, August 8, 2006, Lowndes County Deputy JIMMY HARRIS signed a warrant on ROBERT LEE ALLEN for Receiving Stolen Property 1st. The warrant was recalled because ALLEN'S personal information and the charge were incorrect. On the morning of Wednesday, August 9, 2006, ABI Agent MATT BOWMAN obtained Warrant # WR 2006 000435.00 for theft of Property 1st against ALLEN with the proper information.

ATTACHMENTS: Copy of Recalled Warrant #WR 2006 00434.00

/egb

PROPERTY OF
ALABAMA BUREAU OF INVESTIGATION

COPY TO

DISCOVERY

| 6. NAME OF AGENT | 7. SIGNATURE OF AGENT | 8. REVIEWED BY |
|---|---|---|
| BOWMAN, MATT | | FURNISHED BY |
| | | DATE  8/28/06 |
| | | 9. PAGE  1 |
| | | 10. EXHIBIT NO.  22 |

LOWNDES COUNTY
JUDG: TERRI BOZEMAN           |     DOCKET DATE NOTICE          |CASE: DC 2006 000578.00

DEFENDANT, ATTORNEY(S), AND ALL WITNESSES MUST APPEAR BEFORE THIS COURT
FOR  PREL HEARING              AT THE TIME AND PLACE STATED BELOW.

DEFENDANT: ALLEN ROBERT LEE        DATE:  12/19/2006
ATTORNEY:  COXWELL WILLIAM J N     TIME:  01:00  PM
                                   CHARGE: THEFT OF PROP 1ST

                                   PLACE: COURTROOM
                                          LOWNDES COUNTY COURTHOUSE
                                          HAYNEVILLE, AL  36040

        KELLY WILL R
        P O DRAWER 937

        HAYNEVILLE    AL 36040

NOTES:

  DATE ISSUED:  09/21/2006          RUBY JONES              , CLERK

OPERATOR:   COJ
PREPARED:  09/21/2006

# INMATE REQUEST FORM

Exhibit "D"

**DATE:** 8/31/06          **TIME:** 0700
**NAME:** Robert Allen    **BOOKING#** _____    **CELL#** A1

**Please check ONLY ONE of the following:**

___ GRIEVANCE                    ___ MEDICAL/ DENTAL
___ APPEAL OF DISCIPLINARY       ___ PROPERTY
___ LAUNDRY                      ___ VISITATION
___ CHARGES/ BOND INFORMATION    ___ MAIL
___ MONEY INFORMATION            _✓_ OTHER

**Briefly state your request then give to an officer**

I need my case # number
you said you would give it to me today
if i turn this Request form in

Thank you Kindly

## DO NOT WRITE BELOW THIS LINE - FOR REPLY ONLY

OFFICER RECEIVING
REQUEST _____ DATE: 8/31/06 TIME: 6:41 AM

The receiving officer will route all Inmate Request Forms to the appropriate supervisor or to administration for disposition.

ACTION TAKEN
DATE: 8/31/06                    TIME: _____

Charge: theft of Property 1ST $20,000.00

Action taken by: _____
                        Signature

R.R Allen
N. Court St
ttville, Al 36067-3002

4

MONTGOMERY AL 361
MONTGOMERY AL 361
26 NOV 2007 PM 2 4 L
28 NOV 2007 PM 2 4 L

RETURN TO SENDER

C/o   LowndeS County Sheriff Dept.
Capt. Laura GreshaM SGt. Brutton

P.O. Box 157
Hayneville, al 36040

INMATE MAIL
AUGA METRO JAIL

360907+0137
36067+3056

Exhibit "E"

MONTGOMERY AL 361

**NO RECORD FOUND IN DISTRICT** 08 MAY 2007 PM 1 L
**COURT OF MONTGOMERY COUNTY**

-3002

Lowndes

County Not Montgomery

To. The Circuit Clerk, Office, Montgomery County
100 South Lawrence Street
Montgomery, Al 36104

36104+4203

Exhibit "F"

Please STAMP with your seal, And MAKE ME A copy
And Send Back by U.S. MAIL With A copy Of the
Transfer And Transport Order Done 2-7-2007

Lowndes
County

Exhibit "F"

**RECEIVED**

Your Earliest and most Serious Attention to this Request
Is most Appreciated. Thank you.

MAY 1 0 2007

INMATES NAME: <u>Robert Lee Allen, PROSE</u>

**DISTRICT COURT**

TO, M.C.S.D., Department, <u>Circuit</u>
<u>Clerk of Montgomery County</u>

Robert Allen, PROSE
Autauga Co. Jail
136 N. Court St

Re: Request for Documents

PRATTVILLE, Al 36067-3002

I, <u>Robert Allen, PROSE</u>, SOC NO. 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, Birth Date 9-1-64

I AM Presently Preparing to Pursue Possible post-
Conviction Remedies in Case # <u>DC-06-578</u>
there is A Document that I AM In Need of from your office
to Assist ME In the Preparation of My post-Conviction
Remedy. These documents, or at least some of them May
have been furnish Previously From Another Agency; however,
I AM Constrained because of Circumstances beyond My
Control and Must Request that I be SENT them at this time
I, Robert Allen, PROSE, MAKE this Request Pursuant to the <u>Code of</u>
<u>Alabama</u> 12-17-94; Article I, Section 6 of the Alabama Constitution
<u>Please Provide ME with A Copy of the (TRANSFER AND TRANSPORT</u>
<u>ORDER</u>) Done on Montgomery County <u>2-7-2007</u>, IN the
Transfering of Robert Allen over to Autauga County Sheriff
Dept. And Also Check your Records And see if Robert Allen
has ANY Arrest warrants in Your County. AND if Your Records do not
show ANY TRANSFER OR TRANSPORT ORDER please check with the
Clerk of city Records And see if they have A Copy. Robert Allen, PROSE

5-7-

Case 2:07-cv-00928-MHT-WC    Document 34-8    Filed 02/12/2008    Page 1 of 2

5-16-2007

**RECEIVED**

INMATE NAME: Robert Allen, Pro se

MAY 2 2 2007

**DISTRICT COURT**

To: the Honorable Clerk, Mrs. Melissa Rittenour

<u>Your Earliest</u> and most Serious Attention to this ReQuest is most Appreciated. Thank you very much.

Re: ReQuest for Documents,

Robert Allen, Prose
Autauga County Jail
136 N. Court. St
Prattville, Al 36067-3002

Respond Also in A letter with your Letter head. your Answer's with Any Copies,

<u>I, Robert Allen, Prose.</u> in this case, Case No. DC-06-578 I am presently preparing to pursue possible post-Conviction Remedies And I must Exhaust All Remedies However, Robert Allen is Constrained because of Circumstances beyond his control And Must Request that your office send Robert Allen, Pro se these documents Listed Below:

1.) <u>I</u> want A <u>copy</u> of <u>Any</u> And All, Arrest warrant's with Robert Lee allen, Name on it that was <u>endorse</u> <u>by</u> <u>Any</u> judge or <u>Magistrate</u> of <u>Montgomery County</u> To <u>Allow</u> <u>Any</u> <u>Autauga</u> County Deputy Sheriff to come into Montgomery County An Make An Arrest ~And OR <u>Execute</u> An Arrest warrant with Robert Allen Name on it, I want the Clerk to go back

And check their Records As far Back as to
the Month of August 1, 2006 All the way up
until the Month of MAY 1, 2007. I want the
HONORAble Clerk to thouroughly Check the Months of
1-01-2007 through 3-1-2007

2.) I want to Know if your office or the Any Agency
IN your County Know About Robert Allen Arrest
IN your County Executed 2-07-2007.
    CIRCLE ONE YES OR NO

3.) Robert Allen, pro se. would Respectfully Ask the
    Honorable Clerk, To honor this Request Because this
    Arrest occured IN your County After Robert Allen
    was told to sign AN Appearance Bond But After Court
    sign, Lowndes County Deputy, transfered Robert Allen
    to Montgomery County where A Autauga County Deputy
    was waiting to transfered Robert Allen Back to Autauga
    County sheriff office your office has Alread establish
    that their is No Records of this TRANSfer Done on 2-7-2007,
    When Robert Allen was Arrested

4.) Since this Arrest And TRANSfer Actually (happen) took
place IN your County of Montgomery, Al (that Makes your
County A part of Robert Allen, Due process to Exhaust
His Remedies) Also I want you to send Me A Copy
Of the Radio TRANSCRIPT to Dispatch For this day
2-7-2007 Between these hours of 9:00 AM thru 4:00 PM.
    And once Again I Thank You For Your Most Earliest
    Responce in this Matter    5-15-2007    Robert Allen pro se

RECEIVED

MAY 22 2007

DISTRICT COURT