IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROBERT LEE ALLEN, # 209 274,    *

    Plaintiff,    *

        v.    *    2:-07-CV-928-MHT
                              (WO)

CAPTAIN LAURA GRESHAM, *et al.*,    *

    Defendants.    *

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action against Captain Laura Gresham and Sergeant Lorraine Brutton of the Lowndes County Sheriff's Department. He complains about events which occurred at the Lowndes County Jail and during his subsequent transfer to law enforcement officials with the Autauga County Sheriff's Office. Plaintiff requests injunctive relief and money damages.

In accordance with the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff took advantage of the opportunity granted to file responses to the special report filed by Defendants. This case is now pending on Defendants' motion for summary judgment. Upon

consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition to the motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); FED. R. CIV. P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met thier evidentiary burden and demonstrated the absence of any genuine issue of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to each of his claims for relief exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive Defendant's properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil*

*Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (a plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is

proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II.  DISCUSSION

On February 7, 2007 the Autauga County Sheriff's Office issued a teletype to the Lowndes County Jail requesting that a detainer be placed on Plaintiff because Autauga County held warrants on him. Autauga County wished to obtain custody of Plaintiff upon his release from the Lowndes County Jail. The same day, the Lowndes County Sheriff authorized Plaintiff's release from the Lowndes County Jail . Plaintiff was allowed to sign a signature bond which would release him to the custody of the Autuaga County Sheriff's

Office. When Plaintiff arrived at the booking area of the Lowndes County Jail in preparation for his transfer, Sgt Brutton handed him a consolidated appearance bond which had already been signed by Sheriff Willie Vaughner and Captain Gresham. Plaintiff signed the consolidated appearance bond which incorrectly denoted that Plaintiff bonded out on a charge of receiving stolen property in the first degree rather than theft of property in the first degree which was the actual offense for which the Lowndes County Sheriff's Department had him in custody. Thereafter, an unknown Lowndes County Deputy Sheriff transported Plaintiff to the custody of officials with the Autauga County Sheriff's Office. (*See Doc. No. 1; Doc. No. 29, Exhs. A, F, G, H, I.*)

Plaintiff files this action seeking damages and injunctive relief as a result of his consolidated appearance bond listing the incorrect charge on which he was held by Lowndes County law enforcement officials. Plaintiff maintains that Defendants released him to the custody of another law enforcement agency via false statements, forged signatures, and false charges. Plaintiff further complains that Defendants' conduct caused and/or contributed to his illegal arrest in Montgomery County, Alabama, following his release from the Lowndes County Jail.

*A. Injunctive Relief*

Plaintiff is no longer incarcerated at the Lowndes County Jail. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780

(11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).  As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated at the Lowndes County Jail, any request for declaratory and/or injunctive relief has been rendered moot.

*B.  The Fraudulent Document Claim*

The law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327 (1986).  In this case, Plaintiff's allegation that his constitutional rights were violated when Defendants had him sign a consolidated appearance bond which incorrectly denoted the charge on which he had been held at the Lowndes County Jail, at best, shows only a lack of due care which is not actionable under 42 U.S.C. § 1983.  The protections of the Constitution "are just not triggered by lack of due care by [jail] officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *see also Whitley v. Albers,* 475 U.S. at 319 (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . .safety").

Based on the foregoing, the court concludes that Plaintiff's contention that Defendants violated his constitutional rights through issuance of a consolidated appearance bond which contained a clerical notation error  does not rise to the level of a constitutional violation. Defendants are, therefore, entitled to summary judgment on this claim.

*C. The Illegal Arrest Claim*

The court also understands Plaintiff to complain that his rights secured by the Fourth Amendment were violated when he was released by Lowndes County law enforcement officials to the custody of Autauga County law enforcement officials at a placed located in Montgomery County, Alabama. That is, Plaintiff maintains that he was subjected him to an illegal arrest because his arrest took place in a county outside the jurisdiction of the law enforcement officials involved with his arrest. According to Plaintiff, law enforcement officials may not obtain an arrest warrant in one county and then execute it another county without obtaining the endorsement of a judge or Magistrate of the county where the arrest actually took place. (*See Doc. Nos. 1, 34*.)

To the extent Plaintiff seeks to hold Defendants Gresham and Brutton liable on this claim by alleging that they were connected to his alleged illegal arrest based on their involvement, however attenuated, with the alleged "fraudulent" consolidated appearance bond which supported his release and transport from their jurisdiction, he is entitled to no relief. As explained, the error contained in Plaintiff's consolidated appearance bond which incorrectly denoted the charge on which Lowndes County officials were holding him was simply an inadvertent clerical error and any fault on Defendants' part in failing to notice and/or correct the error amounts to no more than negligence.

Neither Defendants Gresham nor Brutton had any further involvement with Plaintiff once he was released to the custody of a Lowndes County Deputy Sheriff for transfer.

Plaintiff, therefore has not shown that either Defendant was sufficiently involved in his alleged illegal arrest to to subject them to personal liability. There is no evidence that they participated directly in his transfer from the Lowndes County Jail and/or his subsequent arrest by Autauga County Sheriff officials or that they had any direct responsibility for or control over the matter about which he complains with respect to said transfer and arrest. Any contention that Defendants Gresham and/or Brutton may be considered supervisory officials is an insufficient basis for the imposition of personal liability. A 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability. *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001); *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (same); *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1115-1116 (11th Cir. 2005) (In establishing liability under § 1983, a prisoner cannot rely on theories of vicarious liability or *respondeat superior*.). Thus, Defendants are only liable if they "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [their] actions ... and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted). "'The causal connection

can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.' [*Hartley*, *supra*.] (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)." *Gray*, 458 F.3d at 1308. To sufficiently notify the supervisor, the deprivations must not only be widespread, they also "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown*, 906 F.2d at 671.

There is no dispute that Defendants did not personally participate in the actions about which Plaintiff complains with respect to his arrest and transfer to Autauga County law enforcement officials. (*Doc. No. 29, Exhs. G, H*.) Further, Plaintiff has presented no probative evidence of obvious, flagrant or rampant abuse of continuing duration in the face of which Defendants failed to take corrective action. The court, therefore, concludes that the motion for summary judgment as to Plaintiff's claims against Defendants for illegal arrest and/or on the basis of *respondeat superior* is due to be granted.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (*Doc. No. 29*) be GRANTED;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3. This case be DISMISSED with prejudice; and

4. Costs be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 10, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of February 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE